**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**VALDOSTA DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | |
| | : | |
| **v.** | : | |
| | : | **CASE NO:** |
| **NIKITA DESEAN JONES,** | : | **7:20-cr-6-WLS-TQL** |
| | : | |
| **Defendant.** | : | |
| _____ | : | |

## <u>ORDER</u>

Before the Court is *pro se* Defendant's Motion for Relief from Career Offender Sentence Enhancement (Doc. 81) ("Motion for Reduction"), along with the Government's response in opposition (Doc. 83) ("Response"). For the following reasons, Defendant's Motion for Reduction (Doc. 81) is **DENIED.**

## I.    PROCEDURAL BACKGROUND

On January 13, 2022, Defendant pled guilty to Count One of a three-count Indictment pursuant to a negotiated written Plea Agreement (Doc. 67). Count One charged on or about March 11, 2019, the Defendant possessed methamphetamine with intent to distribute, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C) and 18 U.S.C. § 2. Defendant acknowledged that his plea of guilty as to Count One subjected him to a maximum term of imprisonment of twenty years. (Doc. 67 at 2).

As part of the Plea Agreement, "Defendant waive[d] any right to collaterally attack Defendant's conviction and sentence under Title 28, United States Code, Section 2255, or to bring any other collateral attack," except he retained the right to bring a claim of ineffective assistance of counsel.[1] (*Id.* at 4). In addition, Defendant waived any right to file a motion for modification of sentence, including under 18 U.S.C. § 3582(c)(2), except in the event of a future retroactive amendment to the sentencing guidelines which would affect Defendant' sentence. (*Id.*)

---

[1] The Court also advised that he retained the right to collaterally attack his sentence based on an allegation of alleged prosecutorial misconduct.

On June 29, 2022, the USPO filed its Draft Presentence Investigation Report (Doc. 72) ("PSR"). On July 13, 2022, the Defendant filed a document titled "Defendant's Objections to the Presentence Investigation Report" (Doc. 73) ("Notice"). However, no objections are stated in the two-sentence Notice.[2] The USPO filed its Final PSR on July 26, 2022 (Doc. 74). On August 4, 2022, the Defendant was sentenced to 163 months custody followed by a 3-year term of supervised release. The sentence imposed in the Defendant's case was based on a total offense level of 29 and a criminal history category of VI (career offender), which yielded a guideline range of 151 to 188 months. Defendant is scheduled for release on August 12, 2031.

Defendant filed the pending Motion for Reduction on June 5, 2024, to which the Government filed its Response. The matter is ripe for decision.

## II.   LAW AND ANALYSIS

A defendant is a "career offender" if she or he satisfies the following criteria:

(1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

U.S.S.G. § 4B1.1(a).

Defendant did not file any objections to the Draft or Final PSR. However, he now contests his classification as a career offender and seeks removal of the career offender enhancement and modification of his sentence. Defendant contends that such enhancement was predicated on his prior "Florida marijuana convictions being considered as 'serious drug offenses' under Federal law." (Doc. 81 at 1).

Defendant is correct that in *United States v. Latson*, No. 19-149234, 2022 WL 3356390, (11th Cir. Aug. 15, 2022), the Eleventh Circuit determined that Florida marijuana convictions are not serious drug offenses that justify enhancements under the Armed Career Criminal Act because Florida law is broader than Federal law. *Id.* at *3. However, Defendant's predicate offenses were not under Florida law, and he does not identify to which Florida convictions he

---

[2] The Notice reflects it is filed by counsel on behalf of Nikita Desean Jones, and provides: "Mr. Williams respectfully[ ] states that he has no objections to the presentence investigation report." It appears that the reference to "Mr. Williams" is a typographical error.

is referring. Further, the PSR does not show that Defendant had any convictions under Florida law—whether for a marijuana offense or any other offense.

The predicate offenses that were considered to establish the Defendant as a career offender were both convictions in the State of Georgia. Specifically, the convictions were in Chatham County, Georgia Superior Court, Case No. 12CR13023B for Possession of Marijuana with Intent to Distribute, and Lowndes County, Georgia Superior Court, Case No. 14CR50 for Sale of Cocaine. (Doc. 74 ¶ 27). Unlike Florida law, the Eleventh Circuit has determined that convictions under Georgia law for Possession of Marijuana with Intent to Distribute are controlled substance offenses justifying enhancement as a career offender. *See United States v. Bates*, 960 F.3d 1278, 1293 (11th Cir. 2020) (elements of defendant's prior Georgia convictions for possession of marijuana with intent to distribute align with the Armed Career Criminal Act's ("ACCA") definition of "serious drug offense" and with the Sentencing Guidelines' definition of a "controlled substance offense;" and thus, such convictions qualified as predicate offenses for purposes of both the ACCA and the Sentencing Guidelines).

The Court's ability to reduce or modify an imposed term of imprisonment is limited by 18 U.S.C. § 3582(c). *See also Dillon v. United States*, 560 U.S. 817, 824-25 (2010); *United States v. Liberse*, 688 F.3d 1198, 1201 (11th Cir. 2012); *United States v. Phillips*, 597 F.3d 1190, 1194-95 (11th Cir. 2010). Specifically, under § 3582(c)(2), a court may reduce a term of imprisonment if a defendant's sentencing range has subsequently been lowered by the United States Sentencing Commission under 28 U.S.C. § 994(o) and made retroactive under § 994(u). Defendant has not identified any subsequent amendment to the Sentencing Guidelines under which he is entitled to a reduction.

## III.    CONCLUSION

For the reasons state above, Defendant's Motion for Relief from Career Offender Sentence Enhancement (Doc. 81) is hereby **DENIED**.

**SO ORDERED**, this 14th day of August 2024.

/s/    W. Louis Sands
**W. LOUIS SANDS, SR. JUDGE**
**UNITED STATES DISTRICT COURT**